## DAMAGES RESULTING FROM NEGLECT OF ATTORNEY.

### Circuit Court of Cuyahoga County.

THE WESTERN & SOUTHERN LIFE INSURANCE COMPANY V. CHARLES L. SELZER.

Decided, July 2, 1912.

*Attorney and Client—Burden of Proving Damages in Action for Neglect of Attorney—Attorney Not Liable for Neglect to File Answer When Not Informed of the Defense to be Made—Attorney Can Not Recover for Service Where he Disregards Instructions.*

1. In an action brought by a client against his attorney for damages caused by neglect of the attorney to defend an action against the client, the burden is upon the client to prove the extent of his damages, and before he will be entitled to anything more than nominal damages he must affirmatively show what defense he proposed to make and that it would have availed.

2. If an attorney employed to defend a suit fails to do so, and as a result judgment is rendered against his client, before he can be made liable for the whole amount of the judgment thus recovered, he must have been informed by his client what was the nature of the defense he was expected to make.

3. Where an attorney has been directed to appeal a case to a higher court, but before the appeal had been perfected he was discharged, he is not liable in damages to his client for failure to file an appeal bond, if the time for filing the bond had not expired at the date he was discharged.

4. When an attorney under specific instructions from a client appeals a case from a justice court to the court of common pleas and then consents to the entry of a judgment against his client, he can not recover for services rendered in the case.

*White, Johnson & Cannon,* for plaintiff in error.

*Ong & Mansfield,* contra.

MARVIN, J.; NIMAN, J., and METCALFE, J. (sitting in place of Winch, J. ), concur.

The parties stand in the reverse order from that occupied by them in the court of common pleas. The terms "plaintiff" and "defendant," used in this opinion, refer to the parties as they were in the court below.

The plaintiff is an attorney-at-law; he sued to recover compensation for services claimed to have been rendered by him to the defendant, which is a corporation, in his professional capacity.

The home office of the defendant is in Cincinnati, Ohio. Some twelve or fifteen different suits were brought against it in the county of Cuyahoga, where plaintiff resides and was practicing his profession. He was employed by the defendant in each of these cases to defend.

It is claimed by the defendant, and the contention seems to be sustained, that as to each of these cases there was a separate employment, that is, the employment was not general, but in each case he was employed for that particular case.

It is clear that in each case the plaintiff rendered some service for the defendant, for which he would be entitled to recover but for the defense set up that he neglected his duty and failed to do the things that it was his duty to do under his employment. The defendant claims that there was such negligence in each case, and it sets up as a cross-petition that in a case brought by John F. Doreen and Elizabeth Doreen, the plaintiff failed to make any defense for the defendant; that by reason of such failure on the part of the plaintiff the said Doreens recovered a judgment against the defendant for $2,097 damages and $18.18 costs of suit, which it was obliged to pay, and so the defendant prays for judgment against the plaintiff for that amount.

On the trial the court took from the consideration of the jury all claim of the defendant under said cross-petition. The result of the trial was a verdict and judgment for plaintiff for the full amount of his claim.

All things necessary to be done to bring the case to this court for review on error were done, including a bill of exceptions containing all the evidence and the charge of the court.

One of the errors complained of is the action of the court in taking from the jury the consideration of the defendant's cross-petition. The reply of the plaintiff to the answer contained also an answer to the cross-petition, and in such pleading it is alleged, and the allegation is fully sustained by the evidence, that the plaintiff did file an answer to the petition filed against the defendant by the Doreens; that such answer was prepared by the general counsel for the defendant in Cincinnati. The plaintiff was acting for the defendant under the authority and direction of such general counsel.

This answer contains all the information, so far as appears, of any facts relied upon as a defense in such action. To this answer a demurrer was filed and after argument it was sustained, on the ground that the allegations of such answer constituted no defense to the petition.

So far as anything appears in the evidence, plaintiff had no knowledge that there were any other facts on which the defense could be based, and so judgment was taken in the case against the defendant. He did not, however, prosecute error to this judgment, nor report the judgment until it was too late to prosecute such error. He had no direct instructions to prosecute error if the decision in the common pleas court should be adverse to his client. It was the judgment of plaintiff that error could not successfully be prosecuted but it is here urged on behalf of plaintiff in error that if there were failure to do all that should have been done in the case, the presumption arises that the defendant lost all that it was required to pay on the judgment taken against it, and that in the absence of evidence on the part of the plaintiff that no defense could have been made which would have defeated the claim of the Doreens, the defendant should have recovered the full amount claimed in its cross-petition.

In support of this contention our attention is called to the case of *Grayson* v. *Wilkinson*, 13 Miss., 268. The second paragraph of the syllabus in the case reads:

"If an attorney be employed to defend a suit and fails to do so, he is liable to the party injured to the extent of damages actually suffered; if, however, the attorney can show that the

defense he was employed to make was not a good one, he would be liable at most only to nominal damages.''

In the opinion in the case, at page 288, the court refers to the only other cases to which our attention is called on this question, and in so referring uses this language:

''The case of *Godfrey* v. *Jay*, 7 Bingham, 413, settles. this principle, that if an attorney is retained and suffers a judgment to go by default he is liable for damages, and it is for him to show that the party has suffered no actual damages. It is not for the plaintiff to show that he had a good defense; and the case cited from 2 Chit. R., 311, is to the same effect.''

The court, however, later on in the opinion uses this language:

''Comyn, in his treatise on Contracts, says that if an attorney is guilty of gross neglect, or conducts his business unskillfully, he is liable for any damages his client may sustain in consequence thereof. According to this rule the client would have to show what damages he had sustained. If the attorney employed to defend did fail to file a plea, that is a breach of contract and entitled the plaintiff to recover something; but if he wishes to recover damages to the amount of the judgment against him, then he must show that he has sustained damages to that amount.''

The court then calls attention to a case referred to in *2 Comyn on Contracts*, 384, *Russell* v. *Palmer,* where Lord Camden was reversed for misdirecting the jury to the effect that the measure of damages, where counsel failed to make a defense, was the amount of the recovery.

This case in Mississippi was decided in 1845 and does not decide the question as to who had the burden of showing the amount of damages in a case where the attorney fails to defend in a case where he is employed to defend. Authorities are quoted from, as already shown, some holding that the burden is on the attorney, some that it is on his employer; it was not necessary to determine the question in that case.

The English case of *Godfrey* v. *Jay,* 7 Bingham, 413, was decided in 1831. That of *Bourne* v. *Diggles et al,* 2 Chitty, 311, was decided in 1814. These are the latest and indeed the only

authorities cited to us by either party in the case on this point. We have, however, found later authorities. See *Pennington's Exec'rs* v. *Yell*, 11 Ark., 212, decided in 1850, where it is said in the syllabus:

"Extent of damage resulting from attorney's negligence must be affirmatively shown."

In *Fitch* v. *Scott*, 3 Howard, 314, the first paragraph of the syllabus reads:

"To subject an attorney to an action by his client two things are necessary to be done: Gross or unreasonable neglect or ignorance and consequent loss to his client."

Without further examination of the authorities we are of the opinion that the contention of the plaintiff in error on the proposition that the burden of showing whether or not the defendant suffered loss by the negligence, if there was negligence, of the attorney in the case of Doreens against the defendant, was upon the plaintiff, and that the presumption was in favor of the defendant, is unsound. Before the defendant should recover more than nominal damages, if it could recover anything on its cross-petition, it must have affirmatively shown that the defense which it proposed to make would have availed. This it did not show. Indeed, so far as the question was litigated, the defense was found not to be tenable.

There is another proposition held in the case of *Grayson* v. *Wilkinson*, *supra*, which is found in the last clause of the syllabus, and reads:

"If an attorney be employed to defend a suit and fail to do so, by which judgment is rendered against his client, before he can be made liable for the whole amount of the judgment thus recovered it seems that he must have been informed by his client what was the nature of the defense he was expected to make."

Attention has already been called in this opinion to the fact that the only information given to the plaintiff here as to the defense which could be made in the Doreen case was contained in the answer, which was filed and which the court found to be

insufficient. In the state of the proof, then, as the case stood when the court directed the jury to disregard the cross-petition, there could have been no recovery upon it for more, in any event, than nominal damages. The recovery of such damages would have been of no avail to the defendant except on the question of costs. If there had been nothing in the suit except the cross-petition and the issues made on that, this question of costs would have been of some importance to the defendant, but as the jury found on the other issues against the defendant, costs were necessarily carried with the judgment entered on such finding of the jury, and therefore there was no prejudice to the defendant in not submitting the question which, as the case was determined by the jury, would have been of no importance even on the question of costs. We reach the conclusion, then, as to the cross-petition, that there was no error in the ruling of the court which would justify a reversal of the judgment.

After the judgment was entered against the defendant in the Doreen case, the plaintiff was employed by the defendant to file a petition in the court of common pleas and seek to have the judgment set aside. He rendered certain services in that regard, he filed such petition; the case was tried in the court of common pleas and judgment rendered against the defendant in that action. The plaintiff in this action, as attorney for the defendant in the other action, gave notice of appeal to the circuit court. No bond for such appeal was given. The plaintiff says that before the time had elapsed within which the bond could have been given, the defendant discharged him as attorney in the case, and directed him to turn over the papers in the case to another firm of attorneys. It is agreed that he received such an order and did turn over the papers to the other firm of attorneys. The plaintiff testified that this turning over of the papers in the case to the other firm was before the expiration of the time within which a bond for appeal could have been filed. A witness connected with the firm to whom the papers were turned over testified that they received the papers a day or two after the time expired within which such bond could have been filed.

The court charged the jury that if the plaintiff turned the case over to the other counsel before the time limited for the filing of the bond, and notified such other counsel of the situation, then he would be entitled to recover for the services he rendered in this suit, but the court told the jury that any services he rendered which became necessary to be rendered because of his negligence in attending to the business of his client, he would not be entitled to recover for it. There was no error in this.

Without stopping to go over each item of error complained of, we reach the conclusion that except as to two of the items for which plaintiff was allowed to recover, there was no reversible error. Those two items refer to the cases of *George Doniak* v. *The Western & Southern Life Insurance Co.* and the case of W. Bilkowski. In each of these cases the plaintiff was directed by a letter from the general counsel of the defendant to its business manager in Cleveland, who brought the letter to the plaintiff, to make a defense. The cases were originally brought before a justice of the peace. The plaintiff tried the cases for the defendant and lost in each case. Each case was then appealed to the court of common pleas; the plaintiff in each of those cases failed within the proper time to file his petition and the plaintiff in this action made a motion to the court in each case to have the judgment entered for the defendant. He was unsuccessful, and a petition in each case was filed and the plaintiff in this action, without consulting his client, the defendant, consented to the taking of a judgment in each of those cases.

He having been directed to make the defense and to defend the actions on appeal, indeed having himself perfected the appeals, it was his duty to have made the defense, or to have filed an answer setting up such defense, or he should have communicated with his client before consenting to a judgment in either of these cases. For each of these cases he charged $45; and his recovery includes these two items of $45 each, aggregating $90, with interest.

We think he should not have been permitted to recover on either of these items, and that unless he consents to remit from

the judgment recovered by him the sum of $90 with whatever the interest on that sum would be for the time on which interest was allowed in the judgment, the case must be remanded to the court of common pleas. If such remittitur is made, judgment for the amount remaining after deducting such remittitur will be affirmed.